UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:17-CR-140-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| TIMOTHY MARK POYNTER, II, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This criminal action is before the Court on Defendant Timothy Mark Poynter, II's *pro se* motion to defer restitution payments. [DE 46]. Poynter requests that the Court defer his mandatory restitution until he is on supervised release. He argues that the Bureau of Prisons ("BOP") implemented a payment plan in violation of 18 U.S.C. § 3572, a statute that describes the district court's duty to prescribe the time and method of restitution payments. Poynter states in his motion that the BOP is automatically deducting a percentage of funds in his prison trust account on a monthly basis and that he is unable to meet the obligations of the payment plan while incarcerated.

The United States responded in opposition to the motion [DE 48], and Poynter did not reply. Thus, this matter is ripe for review.

## I. FACTUAL BACKGROUND

On August 15, 2018, Poynter pleaded guilty to one count of knowingly attempting to persuade, induce, entice, and coerce a person under the age of eighteen to engage in sexual activity in violation of 18 U.S.C. § 2422(b). [DE 34]. Poynter was sentenced to serve 150 months in a federal institution and was ordered to pay restitution in addition to a $100 assessment.

Pursuant to 18 U.S.C. § 3663A and an agreement between the parties, Poynter was ordered to pay $1,000 to each identified victim, for a total of $2,000 in restitution. [DE 38-1]. The agreement noted that restitution would be due within thirty days of the entry of the order. [*Id*.]. The Court's amended judgment stated that restitution was due immediately and Poynter was not exempt from making payments while he was incarcerated. [DE 45 at 8]. The amended judgment also required Poynter to participate in the BOP's Inmate Financial Responsibility Program ("IFRP"), a course designed to help inmates manage and pay their financial obligations. [*Id*.]. Poynter expressly agreed to participate in the IFRP in his plea agreement. [DE 22 at 6]. He is currently incarcerated in the Federal Correctional Institution in Forrest City, Arkansas.

## II. DISCUSSION

Under 18 U.S.C. 3663A,[1] also known as the Mandatory Victims Restitution Act of 1996 ("MVRA"), a defendant who commits an inherently violent offense in which an identifiable victim or victims have suffered a physical injury or pecuniary loss is required to pay restitution. The district court must order restitution in full without consideration of the defendant's financial circumstances. *See United States v. Vandeberg*, 201 F. 3d 805, 812 (6th Cir. 2000); *see also* 18 U.S.C. § 3664(f)(1)(B). The MVRA also requires, pursuant to 18 U.S.C. § 3572, that the district court specify in the restitution order the manner in which restitution is to be paid, taking into consideration the financial resources of the defendant, his projected earnings, and other financial obligations. 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C). A restitution order may provide that the defendant pay the amount

---

[1] The United States incorrectly identified the statute mandating restitution as "18 U.S.C. § 3363A" in its sentencing memorandum. [DE 31 at 6]. The correct statute Poynter was mandated to pay restitution under is 18 U.S.C. § 3663A, better known as the Mandatory Victims Restitution Act of 1996. Likewise, the parties only cited 18 U.S.C. § 3664(5) in their agreed order of restitution, which is the procedural statute for the enforcement of an order of restitution. [DE 39]. However, it is clear the parties agreed that restitution would be paid pursuant to 18 U.S.C. § 3663A because of the statutory language cited by the United States in its memorandum, because enticing a child under the age of eighteen is an inherently violent offense, and because the victims were two clearly identifiable individuals.

owed in a lump sum, in periodic payments, or in nominal payments until it is paid in full. *Id*. at (f)(3)(A) and (B).

The IFRP is a work program that encourages inmates to meet their financial obligations during incarceration. *See* 28 C.F.R. § 545.10. These financial plans are to be developed by the inmate and BOP staff, and must include strategies to pay court-ordered restitution among other fines and obligations. *Id*. The program is voluntary, though total refusal by an inmate to comply with his financial plan may result in various penalties identified in the program's regulations. 28 C.F.R. § 545.11(d)(1)-(11).

Poynter sees the district court's mandated participation in the IFRP as a usurpation of the judiciary's power and obligation to set payment schedules for restitution. It is his perception that the Court did not set a payment schedule at all and alleges that the BOP took it upon itself to impose one. For several reasons, the Court denies Poynter's motion to defer payments until the time of his supervised release.

First, under the MVRA, ordering immediate payment of restitution can and often is an appropriate form of the statutorily required restitution payment schedule. The United States, in its response to Poynter's motion, points to a Sixth Circuit Court of Appeals decision addressing a separation-of-powers argument similar to the one made by Poynter here. *See* [DE 48 at 1-2 (citing *Weinberger v. United States*, 268 F. 3d 346 (6th Cir. 2001))]. In

4

that case, the Sixth Circuit held that the "district court, in effect, adopted these terms and conditions in its sentencing order and, by doing so, did not improperly delegate authority to the Bureau of Prisons." *Id*. at 361.

The difference between the matter before the Court and the restitution ordered in *Weinberger* is that the Sixth Circuit evaluated the IFRP under the previous version of the MVRA. *Id*. at 355. In that case, the Sixth Circuit adopted the Third Circuit's finding that the former version of the MVRA gave the district court more discretion in setting payment schedules than does the current version. *Id*. at 425-46 (citing *United States v. Coates*, 178 F. 3d 681, 683 (3d Cir. 1999)). As noted in *United States v. Davis*, the Sixth Circuit has "yet to determine in a published opinion a district court's duties under the MVRA with regard to setting restitution payment schedules." 306 F. 3d 398, 425 (6th Cir. 2002). The court held that the district court erred in failing to set the defendant's restitution payment schedule. *Id*. at 426. However, the Sixth Circuit noted that its holding did not preclude district courts from "eliciting the assistance of others in setting such a schedule." *Id*.

*Davis* is distinguishable from this motion before the Court. As the Sixth Circuit notes, the terms of the defendant's payment schedule were unclear at the time of his appeal. *Id*. The defendant

contended that the BOP set a payment schedule, but did not indicate if he was participating in the IFRP program.

Poynter's amended judgment, on the other hand, clearly states under "SCHEDULE OF PAYMENTS" that the Court, "having assessed the defendant's ability to pay," ordered a lump sum of $2,100 due immediately and in accordance with special instructions to pay restitution to the clerk and to participate in the IFRP. [DE 45 at 8]. This Court also took into account Poynter's ability to pay when fines and interest were waived. It is clear that the Court (1) considered Poynter's financial circumstances as required under the MVRA, and (2) provided him with a clear payment schedule by mandating that the entirety of the $2,100 was due immediately. Thus, the Court did not violate the MVRA when it required Poynter to pay restitution in a lump sum due immediately.

Second, the development by IFRP of a financial plan does not constitute the setting of an independent payment plan, and thus, is not a usurpation of the judiciary's obligation to schedule restitution payments. Because Poynter had a mandate from the Court indicating that his restitution was due immediately, the judiciary never delegated the authority to set restitution payments to the BOP. As explained above, the IFRP is designed to encourage inmates to work toward meeting their financial obligations and is not only related to payments of restitution. *See* 28 C.F.R. § 545.11(a). When Poynter agreed in his plea agreement to participate in the

6

IFRP, he agreed to pay court-related debts while incarcerated according to the schedule of payments the Court decided to mandate. Because the Court chose to require Poynter to pay the entirety of his restitution immediately, he should have been aware that the IFRP would require him to make payments toward that amount. The Court did not delegate judicial authority by asking Poynter to pay debts within a program that essentially acts as a collection agency; its judicial function to mandate and schedule restitution concluded when the judgment was signed and entered.

### III. CONCLUSION

Thus, the Court having reviewed the motion and response, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant Timothy Mark Poynter, II's motion to defer restitution payments is **DENIED**.

This the 4th day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge